FILED LM
9:07
a.m
FEB 0 5 2019

BANKRUPTCY COURT
OAKLAND, CALIFORNIA

02/04/2019

US BANKRUPTCY COURT - OAKLAND, CA - **HONORABLE JUDGE NOVACK**

RE: **CASE NO 11-45982 CYNTHIA CREWS - PRO SE**

## MOTION TO REOPEN CASE AND
## REQUEST RULING ON $108,000 PROPERTY EQUALIZATION ON
CLAIM 7

### and
### Ruling on Spousal Support

**\*\*I have to go to Superior Court on March 22, 2019 for this matter\*\***

**Claim 7 Carl Crews Property Equalization 108,000 was discharged in my Chapter 13.
Please see the attached document from the Superior Court Judge Richard Seabolt Case
#RF08370376**

**He wants a ruling from the Bankruptcy Court on this issue.  It was not spousal support.**

**Please note attached documents for your review:**

**Notice of Withdrawal of Claim          2 pages**

**Order on Stipulation Settling Objection to Confirmation and Objection to Claim 7  2
pages**

**Order Discharging Chapter 13 Trustee and Final Decree     2 pages**

**Stipulation Settling Objection to Confirmation and Objection to Claim 7      4 pages**

**Chapter 13 Standing Trustee's Final Report and Account          3 pages**

**Discharge of Debtor After Completion of Chapter 13 Plan       1 page**

**Divorce Decree**

**I had a bankruptcy attorney for my Chapter 13.  If there was fraud in this matter; it
wouldn't have been
discharged.  Mr. Crews had an attorney as well.**

**I Pray for your Relief in this matter.**

Case # : 11-45982-MEHR013
Debtor.: CYNTHIA CREWS
Judge..: ELAINE HAMMOND
Trustee: MARTHA BRONITSKY
Chapter: RO13
----------------------------------
Filed : February 05, 2019  09:07:41
Deputy : LM
Receipt: 40103136
Amount : $235.00
----------------------------------
RELIEF ORDERED
Clerk, U.S. Bankruptcy Court
Northern District Of California

Cynthia Crews

21771 Tanglewood DR
Castro Valley, CA 94546
510-393-2516

1

Superior Court of California, County of Alameda
Hayward Hall of Justice

| | |
|---|---|
| **Crews** | **No. RF08370376** |
| Plaintiff/Petitioner(s) | |
| **VS.** | **Minutes** |
| **Crews** | |
| Defendant/Respondent(s) | |
| **(Abbreviated Title)** | |

Department   521          Honorable   Richard Seabolt          , Judge

Called for Hearing: November 09, 2018.

Claimant Alameda County Employees' Retirement Association not appearing.
Petitioner Cynthia Q. Crews appearing in pro per.
Respondent Carl M. Crews appearing in pro per.

Cynthia Q. Crews sworn for Petitioner as a witness and under Direct Examination.

Carl M. Crews sworn for Respondent as a witness and under Direct Examination.

Matter is on calendar for the Respondent's Request for Order filed 10/9/18 and also a Request for Order
that was continued from 9/27/18.

The Court orders Petitioner to pay the equalization payment for $108,000 that was previously ordered by
the Court.

If the Bankruptcy Court orders that this equalizing payment has been discharged, the Bankruptcy Court
must determine if fraud occurred. The Bankruptcy Court must determine if at the time this agreement was
entered into for the equalizing payment, the Petitioner knew she would be filing bankruptcy. The
Bankruptcy Court must determine if BC 523.A5 applies and spousal support is not part of the
bankruptcy.

The issues remaining in this case are spousal support arrearages. Both parties to submit and file a
declaration regarding support arrearages and what payments have been made at least 5 days before the
next hearing date.

Matter is continued to allow the Petitioner to contact Bankruptcy Court to receive a ruling on spousal
support.

Case continued to 09:05 AM on 03/22/2019 in Department 521, RFO - Family Law, Hayward Hall of
Justice, 24405 Amador Street, Hayward.

Minutes of     11/09/2018
Entered on     11/26/2018

Chad Finke  Executive Officer / Clerk of the Superior Court

By     *Judy Ann Warren*

Deputy Clerk

**Minutes**

M12595966

**Minutes**

M12595966

Case: 11-45982    Doc# 113    Filed: 02/05/19    Entered: 02/05/19 11:36:32    Page 3 of 33

United States Bankruptcy Court
Northern District of California

I certify that this is a true and full copy of the
original document now existing among the
records of this Court. Edward Emmons, Clerk
of Court

Dated 7/10/18

By _____ Deputy Clerk

1 | W. Damian Rickert – State Bar No. 169968
LAW OFFICE OF W. DAMIAN RICKERT
2 | 109 Jackson Street, Suite 230
Hayward, California 94544
3 | (510) 886-9414

4 | Attorney for Creditor
CARL CREWS

5

6

7

8 | UNITED STATES BANKRUPTCY COURT

9 | NORTHERN DISTRICT OF CALIFORNIA

10 | OAKLAND DIVISION

11 | | ) Chapter 13
12 | In re: | ) Case No. 11-45982 EDJ-13
| | )
13 | CYNTHIA CREWS, | )
| | )
14 | | )
| Debtor. | )
15 | | )
16 | | )

17

18 | ## NOTICE OF WITHDRAWAL OF CLAIM

19

20 | CARL CREWS hereby withdraws Proof of Claim Number 7 filed by him on July 7, 2011,

21 | and requests that said claim be removed from the register of claims maintained for this case.

22

23

24

25 | | /s/ W. Damian Rickert
26 | Dated: June 19, 2012 | W. Damian Rickert
| | Attorney for CARL CREWS
27

28

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have served a copy of the within and foregoing documents on the following persons by depositing them in the United States mail with first class postage attached thereto.

Dated: June 19, 2012

/s/ W. Damian Rickert
W. Damian Rickert

Cynthia Crews
3440 Oak Knoll Blvd
Oakland, CA 94605

Tony E. Carballo
P.O. Box 55937
Hayward, CA 94545

Martha G. Bronitsky
P.O. Box 341
Pleasanton, CA 94566

2  Tony E. Carballo, Esq. (CA SBN 111379)
   Carballo Law Offices
3  P. O. Box 55937
   Hayward, CA 94545-0937
4  Tel. (510) 886-2772
   *Fax (510) 474-1515*
5  Attorney for Debtor
   Cynthia Crews

The following constitutes
the order of the court. Signed March 7, 2012

*M. Elaine Hammond*

**M. Elaine Hammond**
**U.S. Bankruptcy Judge**

United States Bankruptcy Court
Northern District of California

I certify that this is a true and full copy of the
original document now existing among the
records of this Court. Edward Emmons, Clerk
of Court   Dated 7/6/13

By _____ Deputy Clerk

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

In Re:

CYNTHIA CREWS,

                                    Debtor(s).

Case No. 11-45982 MEH

Chapter 13

ORDER ON STIPULATION SETTLING
OBJECTION TO CONFIRMATION AND
OBJECTION TO CLAIM 7

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Stipulation Settling

Objection to Confirmation and Objection to Claim 7 filed herein on March 6, 2012 is hereby

approved.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that relief from the automatic

stay is granted to allow the Superior Court of California, County of Alameda, in Case No. RF

08370376 to consider and adjudicate a motion by Creditor Carl Crews to set aside the Judgment of

Dissolution entered December 10, 2010 in the case of In re the Marriage of Cynthia Crews,

Petitioner, and Carl Crews, Respondent, and adjudicate issues of spousal support, child support and

community property division between the parties in that case pursuant to the approved Stipulation.

**END OF ORDER**

COURT SERVICE LIST

None

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2

**Entered on Docket**
**July 10, 2014**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



1    Martha G. Bronitsky
     Chapter 13 Standing Trustee

2    6140 Stoneridge Mall Rd #250
     Pleasanton, CA 94588-4588

3    (925) 621- 1900

4    Trustee for Debtor(s)

The following constitutes
the order of the court. Signed July 10, 2014

*M. Elaine Hammond*

M. Elaine Hammond
U.S. Bankruptcy Judge

5

6

7

8

9             UNITED STATES BANKRUPTCY COURT
            NORTHERN DISTRICT OF CALIFORNIA

10

11   In Re                       |   Chapter 13 Case Number:
    Cynthia Crews            |   11-45982-MEH13

12

13              Debtor(s) |   In Proceedings Under
                          |   Chapter 13 of the
                          |   Bankruptcy Code

14         **ORDER DISCHARGING CHAPTER 13 TRUSTEE**
                  **AND FINAL DECREE**

15      The Chapter 13 Plan of the debtor(s) having been fully performed, and the estate of the

16 above-named debtor(s) having been fully administered,

17 IT IS ORDERED AS FOLLOWS:

18      The Final Account of Martha G. Bronitsky, Chapter 13 Standing Trustee is approved,

19 she is discharged as Trustee after having fully performed her duties, and her bond is

20 cancelled.

21                         END OF ORDER

22                               United States Bankruptcy Court
                               Northern District of California

23                     I certify that this is a true and full copy of the
                    original document now existing among the
                    records of this Court. Edward Emmons, Clerk

24                     of Court
                    Dated ___7/10/1S___

25                     By _____ Deputy Clerk

COURT SERVICE LIST

Cynthia Crews                          Carballo Law Office
3440 Oak Knoll Blvd                    Po Box 55937
Oakland,CA 94605                       Hayward,CA 94546-0937

(Debtor(s))                            (Counsel for Debtor)

1  Tony E. Carballo, Esq. (CA SBN 111379)
   Carballo Law Offices
2  P. O. Box 55937
   Hayward, CA 94545-0937
3   Tel. (510) 886-2772
    *Fax (510) 474-1515*
4  Attorney for Debtors
    Cynthia Crews
5

6  W. Damian Rickert, Esq. (CA SBN 169968)
   109 Jackson St., Suite 230
7  Hayward, CA 94544
    Tel. (510) 886-9414
8   *Fax (510) 582-2334*
   Attorney for Creditor Carl Crews
9

10              UNITED STATES BANKRUPTCY COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12                    OAKLAND DIVISION

13

14  In Re:                               Case No. 11-45982 MEH 13

15  CYNTHIA CREWS,                       STIPULATION SETTLING OBJECTION
                                         TO CONFIRMATION AND OBJECTION
16                       Debtor(s).      TO CLAIM 7

17      This Stipulation is entered into by and between CYNTHIA CREWS ("Debtor") by

18  and through her attorney of record, Tony E. Carballo, and CARL CREWS ("Creditor"), by and

19  through his attorney of record, W. Damian Rickert.

20

21                            RECITALS

22

23      Creditor filed on July 7, 2011, a claim (Claim No. 7) in Debtor's Chapter 13 bankruptcy case

24  alleging that Debtor owes him $108,000, and alleges therein that the claim is entitled to priority as a

25  domestic support obligation.  Debtor objected to Claim 7 alleging that the amount allegedly owed by

26  Debtor to Creditor is a community property distribution award not entitled to priority and

27  dischargeable in Debtor's Chapter 13 case.  Creditor admits that he waived spousal support as part of

28  the stipulations made before entry of the Judgment of Dissolution, but alleges that such a waiver was

                                        1

EXHIBIT "A"

1  based on a mistake of fact and law and that the entire amount awarded him in the Judgment of

2  Dissolution for community property distribution is actually "in the nature of support" and that he is

3  entitled to claim the $108,000 allegedly owed by Debtor as a domestic support obligation. The

4  parties agree the issue of whether all, part or none of the community property distribution is "in the

5  nature of support" or "in lieu of support" as well as related issues are best determined by the

6  Superior Court of California, County of Alameda, where the Judgment of Dissolution was entered

7  due to the expertise of the Family Law Court in such matters.

8

9  THE PARTIES TO THIS STIPULATION HEREBY STIPULATE AND AGREE AS FOLLOWS:

10

11  1. Debtor and Creditor agree to request that the Superior Court of California, County of

12  Alameda ("Family Law Court"), set aside the Judgment of Dissolution entered in Case No.

13  RF08370376 on December 10, 2010, on the basis of mutual mistake of fact and law by the

14  parties, except for the entry of the dissolution of the marriage and custody of the minor

15  children of the marriage. Creditor will file the motion to set aside said Judgment of

16  Dissolution within 21 days from the date this Stipulation is approved by the Bankruptcy

17  Court.

18  2. Debtor will pay Creditor $450 per month as temporary spousal support for six months on or

19  before the 15th day of each calendar month, commencing March 15, 2012.

20  3. The parties agree that the waiver of spousal support by Creditor may be set aside by the

21  Family Law Court because of mutual mistake of fact and law by the parties.

22  4. Any award of spousal and/or child support shall be from January 1, 2011 and Debtor shall be

23  entitled to credit for any payments to Creditor on or after January 1, 2011, including the

24  temporary spousal support mentioned in paragraph 2 hereinabove. The date to determine the

25  value of the community property for distribution between the parties shall be January 1,

26  2011. The current income of the parties shall be used to determine any support to be

27  awarded.

28

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

5. The Family Law Court shall determine spousal support, child support and community property distribution due on and after January 1, 2011, if any.

6. Any amount awarded for support or community property distribution that is retroactively awarded Creditor from January 1, 2011 to the date of an order making such award may be payable in installments by Debtor over a period of 24 months. Any retroactive payments shall be in addition to any prospective amount that might be awarded to Creditor for spousal or child support and community property distribution.

7. All payments, whether retroactive or prospective, of any type of support or of community property distribution shall be made directly to Creditor (paid outside the Plan). However, in the event Debtor becomes more than 30 days late in making any such payments, Creditor may then file a claim in Debtor's Chapter 13 bankruptcy case for the amount unpaid.

8. The parties may request an award of attorneys' fees from the Family Law Court for legal services of their respective attorneys after the date this Stipulation is approved by the Bankruptcy Court. Any fees awarded to Creditor shall be payable monthly by Debtor to Creditor's attorney over a period of 24 months, and if payments are more than 30 days late then Creditor or his attorney may file a claim in Debtor's Chapter 13 bankruptcy case for the amount awarded and unpaid to that date. Any award of an attorney's fee to Debtor or Debtor's attorney shall be deducted by Debtor from any support or community property distribution awarded to Creditor.

9. In the event the Family Law Court denies the motion to set aside the Judgment of Dissolution, this Stipulation shall be null and void and objection filed by Debtor to Creditor's Claim No. 7 shall be immediately set for trial again in the Bankrutpcy Court.

10. Debtor stipulates that approval of this Stipulation by the Bankruptcy Court may include relief from the automatic stay for the purpose of setting aside the Judgment of Dissolution and proceeding to have the Family Law Court determine the issues of support and distribution of the community property of the marriage.

3

Case: 11-45982    Doc# 80-1    Filed: 03/05/12    Entered: 03/05/12 20:58:19    Page 3 of
Case: 11-45982    Doc# 113    Filed: 02/05/19    Entered: 02/05/19 11:36:32    Page 12 of
33

1   11. Within 10 days of entry of an order by the Family Law Court setting aside the Judgment of

2       Dissolution, Creditor shall withdraw Claim 7 and the Objection to Confirmation of Plan filed

3       by Creditor.

4   12. Each party shall bear their own attorneys' fees and costs incurred related to this Stipulation,

5       except as may be awarded to one of the parties hereto by the Bankruptcy Court in case of a

6       breach of this Stipulation.

7

8   IT IS SO STIPULATED:

9

10  Dated: _____

11                                              By: _____
                                                        TONY E. CARBALLO
12                                                  Attorney for Debtor Cynthia Crews

13

14  Dated: _____

15                                              By: _____
                                                        W. DAMIAN RICKERT
16                                                  Attorney for Creditor Carl Crews

17

18

19

20

21

22

23

24

25

26

27

28

4

Case: 11-45982    Doc# 80-1    Filed: 03/05/12    Entered: 03/05/12 20:58:19    Page 4 of
                                        4
Case: 11-45982    Doc# 113    Filed: 02/05/19    Entered: 02/05/19 11:36:32    Page 13 of
                                        33

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

In re:                                          Case No. 11-45982-MEH13

    CYNTHIA CREWS

        Debtor(s)

United States Bankruptcy Court
Northern District of California

I certify that this is a true and full copy of the
original document now existing among the
records of this Court. Edward Emmons, Clerk
of Court   Dated 7/10/18

By _____ Deputy Clerk

## CHAPTER 13 STANDING TRUSTEE'S FINAL REPORT AND ACCOUNT

Martha G. Bronitsky, chapter 13 trustee, submits the following Final Report and Account of the administration of the estate pursuant to 11 U.S.C. § 1302(b)(1). The trustee declares as follows:

1)  The case was filed on 05/31/2011.

2)  The plan was confirmed on 06/26/2012.

3)  The plan was modified by order after confirmation pursuant to 11 U.S.C. § 1329 on 03/20/2014.

4)  The trustee filed action to remedy default by the debtor in performance under the plan on NA.

5)  The case was completed on 05/13/2014.

6)  Number of months from filing to last payment: 35.

7)  Number of months case was pending: 37.

8)  Total value of assets abandoned by court order: NA.

9)  Total value of assets exempted: $228,169.00.

10) Amount of unsecured claims discharged without payment: $184,830.59.

11) All checks distributed by the trustee relating to this case have cleared the bank.

UST Form 101-13-FR-S (9/1/2009)

**Receipts:**

| | |
|---|---|
| Total paid by or on behalf of the debtor | $10,800.00 |
| Less amount refunded to debtor | $0.00 |

**NET RECEIPTS:** **$10,800.00**

---

**Expenses of Administration:**

| | |
|---|---|
| Attorney's Fees Paid Through the Plan | $4,000.00 |
| Court Costs | $0.00 |
| Trustee Expenses & Compensation | $538.93 |
| Other | $0.00 |

**TOTAL EXPENSES OF ADMINISTRATION:** **$4,538.93**

Attorney fees paid and disclosed by debtor: $2,000.00

---

**Scheduled Creditors:**

| Creditor Name | Class | Claim Scheduled | Claim Asserted | Claim Allowed | Principal Paid | Int. Paid |
|---|---|---|---|---|---|---|
| 1st United Services Credit Union | Unsecured | 2,329.00 | NA | NA | 0.00 | 0.00 |
| ASSET ACCEPTANCE CORP | Unsecured | 1,373.00 | 1,506.46 | 1,506.46 | 60.65 | 0.00 |
| Asset Acceptance LLC | Unsecured | 1,445.00 | NA | NA | 0.00 | 0.00 |
| BANK OF AMERICA FKA BAC | Secured | 284,654.00 | 297,174.78 | 0.00 | 0.00 | 0.00 |
| BANK OF AMERICA, N.A. | Unsecured | 8,662.14 | NA | NA | 0.00 | 0.00 |
| BECKET AND LEE LLP | Unsecured | 10,018.00 | 10,018.87 | 10,018.87 | 403.34 | 0.00 |
| CALIFORNIA EMPLOYMENT DEVEL( | Priority | 1,860.97 | NA | NA | 0.00 | 0.00 |
| CANDICA C/O WEINSTEIN AND RILE | Unsecured | 9,486.00 | 9,486.05 | 9,486.05 | 381.89 | 0.00 |
| CARL CREWS | Priority | 108,000.00 | 108,000.00 | 0.00 | 0.00 | 0.00 |
| CENTRAL CREDIT SERVICES | Unsecured | 0.00 | NA | NA | 0.00 | 0.00 |
| CITIBANK USA - SEARS | Unsecured | 1,885.00 | NA | NA | 0.00 | 0.00 |
| COSTCO WHOLESALE | Unsecured | 9,880.25 | NA | NA | 0.00 | 0.00 |
| CREDIT SERVICE COMPANY | Unsecured | 3,055.00 | NA | NA | 0.00 | 0.00 |
| DISCOVER BANK DB SERVICING COI | Unsecured | 7,446.00 | 7,446.48 | 7,446.48 | 299.78 | 0.00 |
| FRANCHISE TAX BOARD | Priority | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| GE MONEY BANK C/O RECOVERY M | Unsecured | 43.00 | 260.10 | 260.10 | 10.47 | 0.00 |
| KAHANA FALLS | Unsecured | NA | 1,222.00 | 1,222.00 | 49.20 | 0.00 |
| MIDLAND CREDIT MANAGEMENT | Unsecured | 1,886.00 | 2,078.02 | 2,078.02 | 83.66 | 0.00 |
| MIDLAND CREDIT MANAGEMENT | Unsecured | NA | 2,078.02 | 0.00 | 0.00 | 0.00 |
| OAKLAND HOUSING AUTHORITY | Unsecured | 1,273.00 | NA | NA | 0.00 | 0.00 |
| PRA RECEIVABLES MANAGEMENT | Unsecured | 17,339.00 | 17,339.13 | 17,339.13 | 698.03 | 0.00 |
| PRA RECEIVABLES MANAGEMENT | Unsecured | 27,875.00 | 26,220.12 | 26,220.12 | 1,055.56 | 0.00 |
| TOYOTA MOTOR CREDIT | Unsecured | 28,267.00 | 28,267.06 | 28,267.06 | 1,137.97 | 0.00 |
| UNITED STATES TREASURY | Priority | 4,729.00 | NA | NA | 0.00 | 0.00 |
| USCB, INC. | Unsecured | 401.00 | NA | NA | 0.00 | 0.00 |
| USCB, INC. | Unsecured | 6,636.85 | NA | NA | 0.00 | 0.00 |
| WELLS FARGO BANK | Unsecured | 51,490.00 | 51,490.13 | 51,490.13 | 2,072.87 | 0.00 |
| WELLS FARGO BANK NA | Unsecured | 120.00 | 190.00 | 190.00 | 7.65 | 0.00 |
| WELLS FARGO FKA WACHOVIA FKA | Secured | NA | 11,169.98 | 11,169.98 | 0.00 | 0.00 |

UST Form 101-13-FR-S (9/1/2009)

| Summary of Disbursements to Creditors: | Claim Allowed | Principal Paid | Interest Paid |
|---|---|---|---|
| **Secured Payments:** | | | |
| Mortgage Ongoing | $0.00 | $0.00 | $0.00 |
| Mortgage Arrearage | $11,169.98 | $0.00 | $0.00 |
| Debt Secured by Vehicle | $0.00 | $0.00 | $0.00 |
| All Other Secured | $0.00 | $0.00 | $0.00 |
| **TOTAL SECURED:** | **$11,169.98** | **$0.00** | **$0.00** |
| | | | |
| **Priority Unsecured Payments:** | | | |
| Domestic Support Arrearage | $0.00 | $0.00 | $0.00 |
| Domestic Support Ongoing | $0.00 | $0.00 | $0.00 |
| All Other Priority | $0.00 | $0.00 | $0.00 |
| **TOTAL PRIORITY:** | **$0.00** | **$0.00** | **$0.00** |
| | | | |
| **GENERAL UNSECURED PAYMENTS:** | **$155,524.42** | **$6,261.07** | **$0.00** |

| Disbursements: | |
|---|---|
| Expenses of Administration | $4,538.93 |
| Disbursements to Creditors | $6,261.07 |
| **TOTAL DISBURSEMENTS :** | **$10,800.00** |

12) The trustee certifies that, pursuant to Federal Rule of Bankruptcy Procedure 5009, the estate has been fully administered, the foregoing summary is true and complete, and all administrative matters for which the trustee is responsible have been completed. The trustee requests a final decree be entered that discharges the trustee and grants such other relief as may be just and proper.

Dated: 07/08/2014

By:/s/ Martha G. Bronitsky
Trustee

**STATEMENT**: This Unified Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

**UST Form 101-13-FR-S (9/1/2009)**

B18W (10/05)

**UNITED STATES BANKRUPTCY COURT**
**Northern District of California**

| | |
|---|---|
| **In re Debtor(s):**<br><br>Cynthia Crews<br>aka Cynthia Shane Crews, aka Cynthia M<br>Quintanilla, aka Cynthia M Shane−Crews,<br>aka Cynthia Q ShinnCrews, dba Accent<br>Garden Care Homes<br>3440 Oak Knoll Blvd<br>Oakland, CA 94605<br><br>Social Security No.:<br>xxx−xx−4444<br>Employer's Tax I.D. No.: | **Case No.: 11−45982 MEH 13 Chapter: 13** |

## DISCHARGE OF DEBTOR AFTER COMPLETION
## OF CHAPTER 13 PLAN

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under section 1328(a) of title 11, United States Code, (the Bankruptcy Code).

Dated: 6/10/14     By the Court:

M. Elaine Hammond
United States Bankruptcy Judge

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
— Cynthia Crews, Petitioner In Pro Per
3440 Oak Knoll Boulevard
Oakland, CA 94605

TELEPHONE NO.: 510-551-9012   FAX NO.*(Optional):*
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* in pro per

SUPERIOR COURT OF CALIFORNIA, COUNTY OF    Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davison Courthouse

MARRIAGE OF
PETITIONER: CYNTHIA CREWS

RESPONDENT: CARL CREWS

**FILED**
ALAMEDA COUNTY

DEC 1 4 2010

CLERK OF THE SUPERIOR COURT
By _____ DEPUTY

*8256212*

**JUDGMENT**

[X] DISSOLUTION   [ ] LEGAL SEPARATION   [ ] NULLITY

[ ] Status only
[ ] Reserving jurisdiction over termination of
    marital or domestic partnership status
[X] Judgment on reserved issues
Date marital or domestic partnership status ends:

CASE NUMBER:
RF08370376

1. [ ] This judgment [ ] contains personal conduct restraining orders [ ] modifies existing restraining orders.
   The restraining orders are contained on page(s) _____ of the attachment. They expire on *(date):*

2. This proceeding was heard as follows: [X] Default or uncontested   [ ] By declaration under Family Code section 2336
   [ ] Contested
   a. Date:   Dept.:   Room:
   b. Judicial officer *(name):*   [ ] Temporary judge
   c. [ ] Petitioner present in court   [ ] Attorney present in court *(name):*
   d. [ ] Respondent present in court   [ ] Attorney present in court *(name):*
   e. [ ] Claimant present in court *(name):*   [ ] Attorney present in court *(name):*
   f. [ ] Other *(specify name):*

3. The court acquired jurisdiction of the respondent on *(date):* 3/6/08
   a. [ ] The respondent was served with process.
   b. [X] The respondent appeared.

**THE COURT ORDERS, GOOD CAUSE APPEARING**

4. a. [ ] Judgment of dissolution is entered. Marital or domestic partnership status is terminated and the parties are restored to the
       status of single persons
       (1) [ ] on *(specify date):*
       (2) [ ] on a date to be determined on noticed motion of either party or on stipulation.
   b. [ ] Judgment of legal separation is entered.
   c. [ ] Judgment of nullity is entered. The parties are declared to be single persons on the ground of *(specify):*

   d. [ ] This judgment will be entered nunc pro tunc as of *(date):*
   e. [X] Judgment on reserved issues.
   f. The [ ] petitioner's [ ] respondent's   former name is restored *(specify):*
   g. [ ] Jurisdiction is reserved over all other issues, and all present orders remain in effect except as provided below.
   h. [X] This judgment contains provisions for child support or family support. Each party must complete and file with the court a
       *Child Support Case Registry Form* (form FL-191) within 10 days of the date of this judgment. The parents must notify the
       court of any change in the information submitted within 10 days of the change, by filing an updated form. The *Notice
       of Rights and Responsibilities-Health Care Costs and Reimbursement Procedures and Information Sheet on Changing a
       Child Support Order* (form FL-192) is attached.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
FL-180 [Rev. January 1, 2006]

**JUDGMENT**
*(Family Law)*

Family Code, §§ 2024, 2340,
2343, 2346
www.courtinfo.ca.gov

11-45982   Doc# 113   Filed: 02/05/19   Entered: 02/05/19 11:36:32   Page 18 of 33

| CASE NAME (Last name, first name of each party): | CASE NUMBER: |
|---|---|
| CREWS, Cynthia and CREWS, Carl | RF08370376 |

4. *(Cont'd.)*

   i. ☐ A settlement agreement between the parties is attached.

   j. ☒ A written stipulation for judgment between the parties is attached.

   k. ☐ The children of this marriage or domestic partnership.

      (1) ☐ The children of this marriage or domestic partnership are:

         Name                                     Birthdate

      (2) ☐ Parentage is established for children of this relationship born prior to the marriage or domestic partnership.

   l. ☒ Child custody and visitation are ordered as set forth in the attached

      (1) ☐ settlement agreement, stipulation for judgment, or other written agreement.

      (2) ☒ *Child Custody and Visitation Order Attachment* (form FL-341).

      (3) ☐ *Stipulation and Order for Custody and/or Visitation of Children* (form FL-355).

      (4) ☐ other *(specify):*

   m. ☒ Child support is ordered as set forth in the attached

      (1) ☐ settlement agreement, stipulation for judgment, or other written agreement.

      (2) ☒ *Child Support Information and Order Attachment* (form FL-342).

      (3) ☐ *Stipulation to Establish or Modify Child Support and Order* (form FL-350).

      (4) ☐ other *(specify):*

   n. ☒ Spousal or partner support is ordered as set forth in the attached

      (1) ☐ settlement agreement, stipulation for judgment, or other written agreement.

      (2) ☒ *Spousal, Partner, or Family Support Order Attachment* (form FL-343).

      (3) ☐ other *(specify):*

      **NOTICE:** It is the goal of this state that each party will make reasonable good faith efforts to become self-supporting as provided for in Family Code section 4320. The failure to make reasonable good faith efforts may be one of the factors considered by the court as a basis for modifying or terminating spousal or partner support.

   o. ☒ Property division is ordered as set forth in the attached

      (1) ☐ settlement agreement, stipulation for judgment, or other written agreement.

      (2) ☒ *Property Order Attachment to Judgment* (form FL-345).

      (3) ☐ other *(specify):*

   p. ☒ Other *(specify):* Each party to bear their own attorneys fees and costs.

Each attachment to this judgment is incorporated into this judgment, and the parties are ordered to comply with each attachment's provisions.

Jurisdiction is reserved to make other orders necessary to carry out this judgment.

Date: 12/10/2010

                                                   JUDICIAL OFFICER

5. Number of pages attached: 15          ☐ SIGNATURE FOLLOWS LAST ATTACHMENT

**NOTICE**

Dissolution or legal separation may automatically cancel the rights of a spouse or domestic partner under the other spouse's or domestic partner's will, trust, retirement plan, power of attorney, pay-on-death bank account, transfer-on-death vehicle registration, survivorship rights to any property owned in joint tenancy, and any other similar thing. It does not automatically cancel the rights of a spouse or domestic partner as beneficiary of the other spouse's or domestic partner's life insurance policy. You should review these matters, as well as any credit cards, other credit accounts, insurance policies, retirement plans, and credit reports, to determine whether they should be changed or whether you should take any other actions.

A debt or obligation may be assigned to one party as part of the dissolution of property and debts, but if that party does not pay the debt or obligation, the creditor may be able to collect from the other party.

An earnings assignment may be issued without additional proof if child, family, partner, or spousal support is ordered.

Any party required to pay support must pay interest on overdue amounts at the "legal rate," which is currently 10 percent.

PETITIONER/PLAINTIFF: CYNTHIA CREWS

RESPONDENT/DEFENDANT: CARL CREWS

CASE NUMBER:
RF08370376

## CHILD CUSTODY AND VISITATION ORDER ATTACHMENT

☐ Findings and Order After Hearing    ☒ Judgment

TO    ☐ Findings and Order After Hearing

☐ Stipulation and Order for Custody and/or Visitation of Children

☐ Other (specify):

1. ☒ **Custody.** Custody of the minor children of the parties is awarded as follows:

| Child's name | Date of birth | Legal custody to (person who makes decisions about health, education, etc.) | Physical custody to (person with whom the child lives) |
|---|---|---|---|
| DeMarco Crews | 10/23/1995 | Joint | Cynthia Crews |
| Michael Crews | 11/26/1993 | Joint | Cynthia Crews |

2. ☒ **Visitation**

   a. ☐ Reasonable right of visitation to the party without physical custody (not appropriate in cases involving domestic violence)

   b. ☐ See the attached _____ -page document dated (specify date):

   c. ☐ The parties will go to mediation at (specify location):

   d. ☐ No visitation

   e. ☐ Visitation for the ☐ petitioner ☐ respondent will be as follows:

   (1) ☐ **Weekends starting** (date):
   (The first weekend of the month is the first weekend with a Saturday.)
   ☐ 1st ☐ 2nd ☐ 3rd ☐ 4th ☐ 5th  weekend of the month

   from _____ at _____ ☐ a.m. ☐ p.m.
   (day of week)    (time)

   to _____ at _____ ☐ a.m. ☐ p.m.  ☐ petitioner ☐ respondent
   (day of week)    (time)

   (a) ☐ The parents will alternate the fifth weekends, with the _____ having the initial fifth weekend, which starts (date): ☐ odd ☐ even months.

   (b) ☐ The petitioner will have fifth weekends in

   (2) ☐ **Alternate weekends starting** (date):
   The ☐ petitioner ☐ respondent will have the children with him or her during the period

   from _____ at _____ ☐ a.m. ☐ p.m.
   (day of week)    (time)

   to _____ at _____ ☐ a.m. ☐ p.m.
   (day of week)    (time)

   (3) ☐ **Weekdays starting** (date):
   The ☐ petitioner ☐ respondent will have the children with him or her during the period

   from _____ at _____ ☐ a.m. ☐ p.m.
   (day of week)    (time)

   to _____ at _____ ☐ a.m. ☐ p.m.
   (day of week)    (time)

   (4) ☒ **Other** (specify days and times as well as any additional restrictions):
   Visitation to Carl Crews with Michael on Tuesdays and Thursdays from 7:00 pm to 9:00 pm and Saturday from 1:00 p.m. to 4:00 p.m. Visitation with DeMarco by mutual agreement of parties.
   ☐ See Attachment 2e(4).

**CHILD CUSTODY AND VISITATION ORDER ATTACHMENT**

Form Approved for Optional Use
Judicial Council of California
FL-341 [Rev. July 1, 2006]
Martin Dean's
ESSENTIAL FORMS™

Family Code, §§ 3020, 3022, 3
3040-3043, 3048, 3100, 6340, 7
www.courtinfo.ca.g

PETITIONER/PLAINTIFF: CYNTHIA CREWS

RESPONDENT/DEFENDANT: CARL CREWS

CASE NUMBER: RF08370376

3. ☐ **The court acknowledges** that criminal protective orders in case number *(specify)*: in *(specify court)*:
   under Penal Code section 136.2, are current, and have priority of enforcement. relating to the parties in this case are in effect

4. ☐ **Supervised visitation.** Until ☐ further order of the court
   the ☐ petitioner ☐ respondent ☐ other *(specify)*: will have supervised visitation with the minor children according to the schedule set forth on page 1. (You must attach form FL-341(A).)

5. ☒ **Transportation for visitation**
   a. ☒ Transportation **to** the visits will be provided by the ☐ petitioner ☒ respondent
   b. ☒ Transportation **from** the visits will be provided by the ☐ petitioner ☒ respondent
   ☐ other *(specify)*:
   ☐ other *(specify)*:
   c. ☒ Drop-off of the children will be at *(address)*: children's home
   d. ☒ Pick-up of the children will be at *(address)*: children's home
   e. ☐ The children will be driven only by a licensed and insured driver. The car or truck must have legal child restraint devices.
   f. ☐ During the exchanges, the parent driving the children will wait in the car and the other parent will wait in his or her home while the children go between the car and the home.
   g. ☐ Other *(specify)*:

6. ☐ **Travel with children.** The ☐ petitioner ☐ respondent ☐ other *(name)*:
   must have written permission from the other parent or a court order to take the children out of
   a. ☐ the state of California.
   b. ☐ the following counties *(specify)*:
   c. ☐ other places *(specify)*:

7. ☐ **Child abduction prevention.** There is a risk that one of the parents will take the children out of California without the other parent's permission. Form FL-341(B) is attached and must be obeyed.

8. ☐ **Holiday schedule.** The children will spend holiday time as listed in the attached ☐ form FL-341(C).
   ☐ other *(specify)*:

9. ☐ **Additional custody provisions.** The parents will follow the additional custody provisions listed in the attached
   ☐ form FL-341(D) ☐ other *(specify)*:

10. ☒ **Joint legal custody.** The parents will share joint legal custody as listed in the attached ☒ form FL-341(E)
    ☐ other *(specify)*:

11. ☐ **Other** *(specify)*:

12. **Jurisdiction.** This court has jurisdiction to make child custody orders in this case under the Uniform Child Custody Jurisdiction and Enforcement Act (part 3 of the California Family Code, commencing with section 3400).

13. **Notice and opportunity to be heard.** The responding party was given notice and an opportunity to be heard, as provided by the laws of the State of California.

14. **Country of habitual residence.** The country of habitual residence of the child or children in this case is
    ☒ the United States ☐ other *(specify)*:

15. **Penalties for violating this order.** If you violate this order, you may be subject to civil or criminal penalties, or both.

Case: 11-45982   Doc# 113   Filed: 02/05/19   Entered: 02/05/19 11:36:32   Page 21 of 33

| PETITIONER: CYNTHIA CREWS | CASE NUMBER: RF08370376 |
|---|---|
| RESPONDENT: CARL CREWS | |

## JOINT LEGAL CUSTODY ATTACHMENT

TO ☐ Petition or Application for Order  ☒ Findings and Order After Hearing or Judgment
☐ Stipulation and Order for Custody and/or Visitation of Children

1. The parents will have joint legal custody of the minor children.

2. In exercising joint legal custody, the parents will share in the responsibility and confer in good faith on matters concerning the health, education, and welfare of the children. The parents must confer in making decisions on the following matters:
   a. ☐ Enrollment in or leaving a particular private or public school or daycare center
   b. ☒ Participation in particular religious activities or institutions
   c. ☒ Beginning or ending of psychiatric, psychological, or other mental health counseling or therapy
   d. ☐ Selection of a doctor, dentist, or other health professional (except in emergency situations)
   e. ☒ Participation in extracurricular activities
   f. ☒ Out-of-country or out-of-state travel
   g. ☐ Other (specify):

   In all other matters in exercising joint legal custody, the parents may act alone, as long as the action does not conflict with any orders concerning the physical custody of the children.

3. If a parent does not obtain the required consent of the other parent to the decisions checked in item 2:
   a. He or she may be subject to civil or criminal penalties.
   b. The court may change the legal and physical custody of the minor children.
   c. ☐ Other consequences (specify):

4. ☒ Special decision-making designation
   a. The ☒ petitioner ☐ respondent will be responsible for making decisions regarding the following issues (specify): enrollment of both children in public school, implementing educational programs and services, the beginning or ending of psychiatric, psychological or mental health counseling or therapy, selection of health professionals.
   b. ☒ Each parent will have access to the children's school, medical, and dental records and the right to consult with professionals who are providing services to the children.

5. ☒ Health-care notification
   a. ☒ Each parent must notify the other of the name and address of each health practitioner who examines or treats the children; such notification must be made within (specify number): 2 days of the commencement of the first such treatment or examination.
   b. ☒ Each parent is authorized to take any and all actions necessary to protect the health and welfare of the children, including but not limited to consent to emergency surgical procedures or treatment. The parent authorizing such emergency treatment must notify the other parent as soon as possible of the emergency situation and of all procedures or treatment administered to the children.
   c. ☒ Both parents are required to administer any prescribed medications for the children.

6. ☒ School notification. Each parent will be designated as a person the children's school will contact in the event of an emergency.

7. ☒ Name. Neither parent will change the last name of the children or have a different name used on the children's medical, school, or other records without the written consent of the other parent.

8. ☐ Other (specify):

Form Approved for Optional Use
Judicial Council of California
FL-341(E) [Rev. January 1, 2005]    Martin Dean's
ESSENTIAL FORMS™

JOINT LEGAL CUSTODY ATTACHMENT

Family Code, § 3003, 3083
www.courtinfo.ca.gov

Case: 11-45982    Doc# 113    Filed: 02/05/19    Entered: 02/05/19 11:36:32    Page 22 of 33

## CHILD SUPPORT INFORMATION AND ORDER ATTACHMENT

Attachment to [ ] Findings and Order After Hearing [ ] Restraining Order After Hearing (CLETS)
[X] Judgment [ ] Other

**THE COURT USED THE FOLLOWING INFORMATION IN DETERMINING THE AMOUNT OF CHILD SUPPORT:**

1. [X] A printout of a computer calculation and findings is attached and incorporated in this order for all required items not filled out below.

2. [X] **Income**

   a. Each parent's monthly income is as follows:

   | | Gross monthly income | Net monthly income | Receiving TANF/CalWORKS |
   |---|---|---|---|
   | Petitioner/plaintiff: $ | 6,131.00 | $ 5,190.00 | [ ] |
   | Respondent/defendant: $ | 2,050.00 | $ 2,050.00 | [ ] |
   | Other parent: $ | | $ | [ ] |

   b. Imputation of income. The court finds that the [ ] petitioner/plaintiff [ ] respondent/defendant [ ] other parent has the capacity to earn:
   $ _____ per _____ and has based the support order upon this imputed income.

3. [X] **Children of this relationship**

   a. Number of children who are the subjects of the support order (specify): 2
   b. Approximate percentage of time spent with petitioner/plaintiff: 97 %
   respondent/defendant: 3 %
   other parent: %

4. [ ] **Hardships**

   Hardships for the following have been allowed in calculating child support:

   | | | Petitioner/ plaintiff | Respondent/ defendant | Other parent | Approximate ending time for the hardship |
   |---|---|---|---|---|---|
   | a. | Other minor children: | $ | $ | $ | |
   | b. | Extraordinary medical expenses: | $ | $ | $ | |
   | c. | Catastrophic losses: | $ | $ | $ | |

**THE COURT ORDERS**

5. [ ] **Low-income adjustment**

   a. [ ] The low-income adjustment applies.
   b. [ ] The low-income adjustment does not apply because (specify reasons):

6. [X] **Child support**

   a. **Base child support**

   [ ] Petitioner/plaintiff [ ] Respondent/defendant [ ] Other parent must pay child support beginning (date): _____ and continuing until further order of the court, or until the child marries, dies, is emancipated, reaches age 19, or reaches age 18 and is not a full-time high school student, whichever occurs first, as follows:

   | Child's name | Date of birth | Monthly amount | Payable to (name): |
   |---|---|---|---|
   | DeMarco | 10/23/95 | 0 | |
   | Michael | 11/26/93 | 0 | |

   Payable [ ] on the 1st of the month [ ] one-half on the 1st and one-half on the 15th of the month
   [ ] other (specify):

   b. [X] **Mandatory additional child support**

   (1) [X] Child-care costs related to employment or reasonably necessary job training
   (a) [X] Petitioner/plaintiff must pay: 50 % of total or [ ] $ _____ per month child-care costs.
   (b) [X] Respondent/defendant must pay: 50 % of total or [ ] $ _____ per month child-care costs.
   (c) [ ] Other parent must pay: _____ % of total or [ ] $ _____ per month child-care costs.
   (d) [ ] Costs to be paid as follows (specify):

**THIS IS A COURT ORDER**

Form Adopted for Mandatory Use
Judicial Council of California
[logo] Martin Dean's
CHILD SUPPORT INFORMATION AND ORDER ATTACHMENT
Family Code, §§ 4055-4069
www.courtinfo.ca.gov
Page 1 of 2

| PETITIONER/PLAINTIFF: CYNTHIA CREWS | CASE NUMBER: |
|---|---|
| RESPONDENT/DEFENDANT: CARL CREWS | RF08370376 |
| OTHER PARENT: | |

**THE COURT FURTHER ORDERS**

6. b. **Mandatory additional child support**
    (2) ☒ Reasonable uninsured health-care costs for the children
        (a) ☒ Petitioner/plaintiff must pay: 50    % of total  or  ☐ $     per month.
        (b) ☒ Respondent/defendant must pay: 50    % of total  or  ☐ $     per month.
        (c) ☐ Other parent must pay:    % of total  or  ☐ $     per month.
        (d) ☐ Costs to be paid as follows *(specify):*

  c. ☒ **Additional child support**
    (1) ☒ Costs related to the educational or other special needs of the children
        (a) ☒ Petitioner/plaintiff must pay: 50    % of total  or  ☐ $     per month.
        (b) ☒ Respondent/defendant must pay: 50    % of total  or  ☐ $     per month.
        (c) ☐ Other parent must pay:
        (d) ☐ Costs to be paid as follows *(specify):*
    (2) ☐ Travel expenses for visitation
        (a) ☐ Petitioner/plaintiff must pay:    % of total  or  ☐ $     per month.
        (b) ☐ Respondent/defendant must pay:    % of total  or  ☐ $     per month.
        (c) ☐ Other parent must pay:    % of total  or  ☐ $     per month.
        (d) ☐ Costs to be paid as follows *(specify):*

        **Total child support per month: $**   0

7. **Health-Care Expenses**
  a. Health insurance coverage for the minor children of the parties must be maintained by the ☒ petitioner/plaintiff ☒ respondent/defendant ☐ other parent if available at no or reasonable cost through their respective places of employment or self-employment. Both parties are ordered to cooperate in the presentation, collection, and reimbursement of any health-care claims. The parent ordered to provide health insurance must seek continuation of coverage for the child after the child attains the age when the child is no longer considered eligible for coverage as a dependent under the insurance contract, if the child is incapable of self-sustaining employment because of a physically or mentally disabling injury, illness, or condition and is chiefly dependent upon the parent providing health insurance for support and maintenance.
  b. ☒ Health insurance is not available to the ☐ petitioner/plaintiff ☒ respondent/defendant ☐ other parent at a reasonable cost at this time.
  c. ☐ The party providing coverage must assign the right of reimbursement to the other party.

8. **Earnings Assignment**
  An earnings assignment order is issued. **Note:** The payor of child support is responsible for the payment of support directly to the recipient until support payments are deducted from the payor's wages and for payment of any support not paid by the assignment.

9. In the event that there is a contract between a party receiving support and a private child support collector, the party ordered to pay support must pay the fee charged by the private child support collector. This fee must not exceed 33 1/3 percent of the total amount of past due support nor may it exceed 50 percent of any fee charged by the private child support collector. The money judgment created by this provision is in favor of the private child support collector and the party receiving support, jointly.

10. ☒ **Non-Guideline Order**
  This order does not meet the child support guideline set forth in Family Code section 4055. A *Non-Guideline Child Support Findings Attachment* (form FL-342(A)) is attached.

11. ☐ **Employment Search Order (Family Code, § 4505)**
  ☐ Petitioner/plaintiff ☐ Respondent/defendant ☐ Other parent is ordered to seek employment with the following terms and conditions:

12. **Other Orders** *(specify):*

13. **Required Attachments**
  A *Notice of Rights and Responsibilities (Health-Care Costs and Reimbursement Procedures)* and *Information Sheet on Changing a Child Support Order* (form FL-192) must be attached and is incorporated into this order.

14. **Child Support Case Registry Form**
  Both parties must complete and file with the court a *Child Support Case Registry Form* (form FL-191) within 10 days of the date of this order. Thereafter, the parties must notify the court of any change in the information submitted within 10 days of the change by filing an updated form.

**NOTICE: Any party required to pay child support must pay interest on overdue amounts at the legal rate, which is currently 10 percent per year.**

| PETITIONER/PLAINTIFF: CYNTHIA CREWS | CASE NUMBER: |
| RESPONDENT/DEFENDANT: CARL CREWS | RF08370376 |

## NON-GUIDELINE CHILD SUPPORT FINDINGS ATTACHMENT

Attachment to ☐ Child Support Information and Order Attachment (form FL-342)
☒ Judgment (Family Law) (form FL-180) ☐ Other (specify):

The court makes the following findings required by Family Code sections 4056, 4057, and 4065:

1. **STIPULATION TO NON-GUIDELINE ORDER**
   ☒ The child support agreed to by the parties is ☒ below or ☐ above the statewide child support guidelines.
   The amount of support that would have been ordered under the guideline formula is: $ 711.00 per month.
   The parties have been fully informed of their rights concerning child support. Neither party is acting out of duress or coercion. Neither party is receiving public assistance and no application for public assistance is pending. The needs of the children will be adequately met by this agreed-upon amount of child support. If the order is below the guideline, no change of circumstances will be required to modify this order. If the order is above the guideline, a change of circumstances will be required to modify the order.

**OTHER REBUTTAL FACTORS**

2. ☒ **Support calculation**
   a. The guideline amount of child support calculated is: $ 711.00
      per month payable by ☐ petitioner/plaintiff ☒ respondent/defendant

   b. The court finds by a preponderance of the evidence that rebuttal factors exist. The rebuttal factors result in an ☐ increase ☒ decrease in child support. The revised amount of support is: $ 0.00 per month.

   c. The court finds the child support amount revised by these factors to be in the best interest of the child and that application of the formula would be unjust or inappropriate in this case.
      These changes remain in effect ☐ until (date):
      ☒ until further order

   d. **The factors are:**
      (1) ☐ The sale of the family residence is deferred under Family Code section 3800, and the rental value of the family residence in which the children reside exceeds the mortgage payments, homeowners insurance, and property taxes by: $ per month. (Fam. Code, § 4057(b)(2).)

      (2) ☐ The parent paying support has extraordinarily high income, and the amount determined under the guideline would exceed the needs of the child. (Fam. Code, § 4057(b)(3).)

      (3) ☐ The ☐ petitioner/plaintiff ☐ respondent/defendant is not contributing to the needs of the children at a level commensurate with that party's custodial time. (Fam. Code, § 4057(b)(4).)

      (4) ☒ Special circumstances exist in this case. The special circumstances are:
         (i) ☒ The parents have different timesharing arrangements for different children.
            (Fam. Code, § 4057(b)(5)(A).)
         (ii) ☐ The parents have substantially equal custody of the children and one parent has a much lower or higher percentage of income used for housing than the other parent.
            (Fam. Code, § 4057(b)(5)(B).)
         (iii) ☐ The child has special medical or other needs that require support greater than the formula amount. These needs are (Fam. Code, § 4057(b)(5)(C)) (specify):

         (iv) ☐ Other (Fam. Code, § 4057(b)(5)) (specify):

Form Adopted for Mandatory Use
Judicial Council of California
FL-342(A) [Rev. January 1, 2008]

Family Code, § 4056
www.courtinfo.ca.gov

Martin Dean's
Essential Forms

| Input Data | Father | Mother | Guideline (2010) | | Cash Flow Analysis | Father | Mother |
| --- | --- | --- | --- | --- | --- | --- | --- |
| Party info | Father | Mother | Nets (adjusted) | | Guideline | | |
| Number of children | 0 | 2 | Father | 1829 | Payment (cost)/benefit | (339) | 441 |
| % time with NCP | 3% | 0% | Mother | 3924 | Net spendable income | 1,555 | 4,197 |
| Filing status | Single | Single | Total | 5753 | % of combined spendable | 27% | 73% |
| # Federal exemptions | 1 | 4 | **Support** | | Total taxes | 221 | 820 |
| Wages + salary | 0 | 4,333 | Presumed | -711 | # withholding allowances | 0 | 7 |
| Self-employment income | 0 | 0 | Basic CS | -711 | Net wage paycheck | 0 | 297 |
| Other taxable income | 2,050 | 2,131 | Add-ons | 0 | **Proposed** | | |
| TANF plus CS received | 0 | 0 | Per Kid | | Payment (cost)/benefit | (339) | 441 |
| Other nontaxable income | 0 | 0 | Child 1 | -265 | Net spendable income | 1,555 | 4,197 |
| New-spouse income | 0 | 0 | Child 2 | -445 | NSI change from gdl | 0 | 0 |
| Wages + salary | 0 | 0 | Alameda SS | 437 | % of combined spendable | 27% | 73% |
| Self-employment income | 0 | 0 | Total | -274 | % of saving over gdl | 0% | 0% |
| SS paid other marriage | 0 | 0 | **Proposed, tactic 9** | | Total taxes | 221 | 820 |
| Retirement contrib if ATI | 0 | 0 | Presumed | -711 | # withholding allowances | 0 | 7 |
| Required union dues | 0 | 0 | Basic CS | -711 | Net wage paycheck | 0 | 297 |
| Nec job-related exp. | 0 | 0 | Add-ons | 0 | | | |
| Adj. to income (ATI) | 0 | 0 | Per Kid | | | | |
| SS paid other marriage | 0 | 0 | Child 1 | -265 | | | |
| CS paid other relationship | 0 | 0 | Child 2 | -445 | | | |
| Health insurance | 0 | 1,720 | Alameda SS | 437 | | | |
| Itemized deductions | 0 | 0 | Total | -274 | | | |
| Other medical expenses | 0 | 0 | Combined | 0 | | | |
| Property tax expenses | 0 | 0 | Savings | | | | |
| Ded. interest expense | 0 | 0 | No releases | | | | |
| Charitable contribution | 0 | 0 | Default Case Settings | | | | |
| Miscellaneous itemized | 0 | 0 | | | | | |
| Required union dues | 0 | 0 | | | | | |
| Mandatory retirement | 0 | 0 | | | | | |
| Hardship deduction | 0* | 0* | | | | | |
| Other gdl. deductions | 0 | 0 | | | | | |
| AMT info (IRS Form 6251) | 0 | 0 | | | | | |
| Child support add-ons | 0 | 0 | | | | | |

Page 1 of 1
9/15/2010 3:00 PM

(Rev. January 1, 2009)
DissoMaster™ 2010-1

**DissoMaster Report (Monthly)**
Robyn S. Ginney, Stonehouse and Silva

Case: 11-45982    Doc# 113    Filed: 02/05/19    Entered: 02/05/19 11:36:32    Page 26 of 33

| PETITIONER/PLAINTIFF: CYNTHIA CREWS | CASE NUMBER: |
| RESPONDENT/DEFENDANT: CARL CREWS | RF08370376 |
| OTHER PARENT: | |

### SPOUSAL, PARTNER, OR FAMILY SUPPORT ORDER ATTACHMENT

TO ☐ *Findings and Order After Hearing* ☒ *Judgment* ☐ Other *(specify)* :

**THE COURT FINDS**

1. A printout of a computer calculation of the parties' financial circumstances is attached for all required items not filled out below.

2. **Net income.** The parties' monthly income and deductions are as follows *(complete a, b, or both)* :

| | Total gross monthly income | Total monthly deductions | Total hardship deductions | Net monthly disposable income |
|---|---|---|---|---|
| a. Petitioner: ☐ receiving TANF/CalWORKS | 6,433.00 | 1,720.00 | 0.00 | 4,713.00 |
| b. Respondent: ☐ receiving TANF/CalWORKS | 2,050.00 | 0.00 | 0.00 | 2,050.00 |

3. **Other factors regarding spousal or partner support**
   a. ☒ The parties were married for *(specify numbers)* : __14__ years _____ months.
   b. ☐ The parties were registered as domestic partners or the equivalent on *(date)* :
   c. ☐ The Family Code section 4320 factors were considered, as listed in Attachment 3c.
   d. ☒ The marital standard of living was *(describe)* :
   Middle class: Petitioner owned her own business providing care services; Respondent was a banquet manager.

   ☐ See Attachment 3d.
   e. ☐ Other *(specify)* :

**THE COURT ORDERS**

4. a. The ☐ petitioner ☐ respondent must pay to the ☐ petitioner ☐ respondent
   as ☐ temporary ☐ spousal support ☐ family support ☐ partner support
   $ _____ per month, beginning *(date)* : _____ , payable through *(specify end date)* :
   ☐ payable on the *(specify)* : _____ day of each month.
   ☐ Other *(specify)* :

   b. ☐ Support must be paid by check, money order, or cash. The support payor's obligation to pay support will terminate on the death, remarriage, or registration of a new domestic partnership of the support payee.

   c. ☐ An earnings assignment for the foregoing support will issue. **(Note:** The payor of spousal, family, or partner support is responsible for the payment of support directly to the recipient until support payments are deducted from the payor's earnings, and for any support not paid by the assignment.)

   d. ☐ Service of the earnings assignment is stayed provided the payor is not more than *(specify number)* : _____ days late in the payment of spousal, family, or partner support.

Form Approved for Optional Use
Judicial Council of California
FL-343 [Rev. January 1, 2005]

**SPOUSAL, PARTNER, OR FAMILY SUPPORT ORDER ATTACHMENT**
*(Family Law)*

Family Code, §§ 150, 299, 3651, 3653, 3654, 4320, 4330, 4337
www.courtinfo.ca.gov



| PETITIONER/PLAINTIFF: CYNTHIA CREWS | CASE NUMBER: |
| RESPONDENT/DEFENDANT: CARL CREWS | RF08370376 |
| OTHER PARENT: | |

5. ☐ The parties must promptly inform each other of any change of employment, including the employer's name, address, and telephone number.

6. ☐ **NOTICE:** It is the goal of this state that each party must make reasonable good faith efforts to become self-supporting as provided for in Family Code section 4320. The failure to make reasonable good faith efforts may be one of the factors considered by the court as a basis for modifying or terminating support.

7. ☐ This order is for family support. Both parties must complete and file with the court a *Child Support Case Registry Form* (form FL-191) within 10 days of the date of this order. The parents must notify the court of any change of information submitted within 10 days of the change by filing an updated form. Form FL-192, *Notice of Rights and Responsibilities* and *Information Sheet on Changing a Child Support Order,* is attached.

8. ☐ The issue of spousal or partner support for the ☐ petitioner ☐ respondent is reserved for a later determination.

9. ☒ The court terminates jurisdiction over the issue of spousal or partner support for the ☒ petitioner ☒ respondent.

10. ☒ Other (specify):
Spousal support has been waived by both parties in final settlement of all issues.
Respondent receives a disproportionate share of property buy out in lieu of spousal support.

NOTICE: Any party required to pay support must pay interest on overdue amounts at the "legal" rate, which is currently 10 percent.

**THIS IS A COURT ORDER**

FL-343 [Rev. January 1, 2005]     SPOUSAL, PARTNER, OR FAMILY SUPPORT ORDER ATTACHMENT     Page 2 of 2
*Martin Dean's* ESSENTIAL FORMS™

Case: 11-45982    Doc# 113    Filed: 02/05/19    Entered: 02/05/19 11:36:32    Page 28 of 33

| PETITIONER: CYNTHIA CREWS | CASE NUMBER: |
|---|---|
| RESPONDENT: CARL CREWS | RF08370376 |

## PROPERTY ORDER ATTACHMENT TO JUDGMENT

1. **Division of community property assets**
   a. ☐ There are no community property assets.
   b. ☐ The court finds that the net value of the community estate is less than $5,000 and that the ☐ petitioner ☐ respondent cannot be found. Under Family Code section 2604, the entire community estate is awarded to the ☐ petitioner ☐ respondent.
   c. ☒ The petitioner will receive the following assets: *(Attach additional page if necessary.)*
   Real property located at: 3440 Oak Knoll Blvd., Oakland, CA; 221 Virginia St., Hayward, CA; 22771 Tanglewood, Castro Valley, CA; and 6325 MacArthur Blvd., Oakland, CA. The time share properties in Hawaii, Cancun and Puerto Vallarta, Mexico. Furniture already in Petitioner's possession. Any vehicle in Petitioner's possession. The business, fixtures, inventory and assets for POKENATIONFU, LLC, subject to an equalizing, non-taxable payment as stated herein below. Any jewelry in Petitioner's possession.
   d. ☒ The respondent will receive the following assets: *(Attach additional page if necessary.)*
   Furniture already in Respondent's possession. 1973 Porsche and the 1998 Mercedes. Any other vehicles in Respondent's possession. Any jewelry in Respondent's possession.

   e. The ☐ petitioner ☐ respondent will be responsible for preparing and filing a *Qualified Domestic Relations Order* (QDRO) to divide the following plan or retirement account(s) *(specify):*

   The fee for preparation of the QDRO shall be shared as follows *(specify):*

   f. ☐ Other orders:

   g. ☒ Each spouse will receive the assets listed above as his or her sole and separate property. The parties must execute any and all documents required to carry out this division.
   h. The court reserves jurisdiction to divide any community assets not listed here and enforce the terms of this order.

2. **Division of community property debts**
   a. ☐ There are no community debts.
   b. ☐ All community debts have been paid by the ☐ petitioner ☐ respondent.
   The ☐ petitioner ☐ respondent must reimburse the other party: $
   The payment plan is as follows:

   c. ☒ The petitioner will be responsible for the following debts: *(Attach additional page if necessary.)*
   Wells Fargo account no. 6199 line of credit in the amount of $28,217 and the mortgages for all above properties. Both parties have filed or are filing concurrently for bankruptcy. The Court shall reserve jurisdiction over the distribution of debts, should Petitioner not file for bankruptcy.

   d. ☒ The respondent will be responsible for the following debts: *(Attach additional page if necessary.)*
   no other debts to be reassigned.

Form Approved for Optional Use
Judicial Council of California
FL-345 [Rev. January 1, 2007]

**PROPERTY ORDER ATTACHMENT TO JUDGMENT**
(Family Law)

Family Code, §§ 299, 2500-2660
www.courtinfo.ca.gov

Case: 11-45982 Doc# 113 Filed: 02/05/19 Entered: 02/05/19 11:36:32 Page 29 of 33

| PETITIONER: CYNTHIA CREWS | CASE NUMBER: |
|---|---|
| RESPONDENT: CARL CREWS | RF08370376 |

e. ☐ Other orders:

f. Each party will be solely responsible for paying the debts assigned to him or her and will hold the other harmless from those debts. The parties understand that the creditors are not bound by this judgment. If a creditor seeks payment from the party who is not listed as responsible for the debt, that party can file a motion to seek reimbursement from the defaulting party.

g. The court reserves jurisdiction to divide any community debts not listed here.

3. ☒ **Equalization of division of property and debt orders.** To equalize the division of the community property assets and debts, the ☒ petitioner ☐ respondent must pay to the other the sum of: $ 108,000.00 , payable as follows *(specify):*
   nontaxable payment of $3000 per month, commencing August 1, 2010 over 36 consecutive months.

4. **Separate property**
   a. ☒ The court confirms the following assets or debts as the sole separate property, or sole responsibility, of the petitioner:
   Any and all assets not otherwise specifically delineated herein standing in Petitioner's name alone, or in Petitioner's possession, any assets and debts acquired after separation, through gift, bequest or devise.

   b. ☒ The court confirms the following assets or debts as the sole separate property, or sole responsibility, of the respondent:
   Any and all assets not otherwise specifically delineated herein standing in Respondent's name alone, or in Respondent's possession, any assets and debts acquired after separation, through gift, bequest or devise.

5. ☐ The settlement agreement between the parties dated *(date):*                    is attached and made a part of this judgment.

6. ☐ **Sale of property.** The following property will be offered for sale and sold for the fair market value as soon as a willing buyer can be found, and the net proceeds from the sale will be ☐ divided equally ☐ other *(specify):*

7. ☐ Other orders *(specify):*

Martin Dean's
ESSENTIAL FORMS

**PROPERTY ORDER ATTACHMENT TO JUDGMENT**
(Family Law)

## Stipulation for Entry of Judgment

The parties have reviewed the attached Judgment for Dissolution of Marriage and the terms and conditions as set forth in the Judgment are agreed to by both parties. The parties hereto stipulate that the court may enter the foregoing judgment, consisting of _17_ pages.

Dated: September 15, 2010

Cynthia Crews

Dated: September 15, 2010

Carl Crews

Case: 11-45982    Doc# 113    Filed: 02/05/19    Entered: 02/05/19 11:36:32    Page 31 of 38

# CALIFORNIA ALL-PURPOSE
# CERTIFICATE OF ACKNOWLEDGMENT

State of California

County of _Alameda_

On _9/15/2010_ before me, _Mary States, Notary Public_
<br>(Here insert name and title of the officer)

personally appeared _Cynthia Crews and Carl Crews_

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_Mary States_
<br>Signature of Notary Public

> **MARY STATES**
> Commission # 1742014
> Notary Public - California
> San Mateo County
> My Comm. Expires May 2, 2011

(Notary Seal)

---

## ADDITIONAL OPTIONAL INFORMATION

**INSTRUCTIONS FOR COMPLETING THIS FORM**
*Any acknowledgment completed in California must contain verbiage exactly as appears above in the notary section or a separate acknowledgment form must be properly completed and attached to that document. The only exception is if a document is to be recorded outside of California. In such instances, any alternative acknowledgment verbiage as may be printed on such a document so long as the verbiage does not require the notary to do something that is illegal for a notary in California (i.e. certifying the authorized capacity of the signer). Please check the document carefully for proper notarial wording and attach this form if required.*

### DESCRIPTION OF THE ATTACHED DOCUMENT

_Stipulation For Entry of Judgment_
<br>(Title or description of attached document)

(Title or description of attached document continued)

Number of Pages _1_   Document Date _9/15/10_

(Additional information)

- State and County information must be the State and County where the document signer(s) personally appeared before the notary public for acknowledgment.
- Date of notarization must be the date that the signer(s) personally appeared which must also be the same date the acknowledgment is completed.
- The notary public must print his or her name as it appears within his or her commission followed by a comma and then your title (notary public).
- Print the name(s) of document signer(s) who personally appear at the time of notarization.
- Indicate the correct singular or plural forms by crossing off incorrect forms (i.e. he/she/they- is /are ) or circling the correct forms. Failure to correctly indicate this information may lead to rejection of document recording.
- The notary seal impression must be clear and photographically reproducible. Impression must not cover text or lines. If seal impression smudges, re-seal if a sufficient area permits, otherwise complete a different acknowledgment form.
- Signature of the notary public must match the signature on file with the office of the county clerk.
  - ❖ Additional information is not required but could help to ensure this acknowledgment is not misused or attached to a different document.
  - ❖ Indicate title or type of attached document, number of pages and date.
  - ❖ Indicate the capacity claimed by the signer. If the claimed capacity is a corporate officer, indicate the title (i.e. CEO, CFO, Secretary).
- Securely attach this document to the signed document

### CAPACITY CLAIMED BY THE SIGNER

- ☒ Individual (s)
- ☐ Corporate Officer

  (Title)
- ☐ Partner(s)
- ☐ Attorney-in-Fact
- ☐ Trustee(s)
- ☐ Other _____

## NOTICE OF RIGHTS AND RESPONSIBILITIES
### Health-Care Costs and Reimbursement Procedures

**IF YOU HAVE A CHILD SUPPORT ORDER THAT INCLUDES A PROVISION FOR THE REIMBURSEMENT OF A PORTION OF THE CHILD'S OR CHILDREN'S HEALTH-CARE COSTS AND THOSE COSTS ARE NOT PAID BY INSURANCE, THE LAW SAYS:**

**1. Notice.** You must give the other parent an itemized statement of the charges that have been billed for any health-care costs not paid by insurance. You must give this statement to the other parent within a reasonable time, but no more than 30 days after those costs were given to you.

**2. Proof of full payment.** If you have already paid all of the uninsured costs, you must (1) give the other parent proof that you paid them and (2) ask for reimbursement for the other parent's court-ordered share of those costs.

**3. Proof of partial payment.** If you have paid only your share of the uninsured costs, you must (1) give the other parent proof that you paid your share, (2) ask that the other parent pay his or her share of the costs directly to the health-care provider, and (3) give the other parent the information necessary for that parent to be able to pay the bill.

**4. Payment by notified parent.** If you receive notice from a parent that an uninsured health-care cost has been incurred, you must pay your share of that cost within the time the court orders; or if the court has not specified a period of time, you must make payment (1) within 30 days from the time you were given notice of the amount due, (2) according to any payment schedule set by the health-care provider, (3) according to a schedule agreed to in writing by you and the other parent, or (4) according to a schedule adopted by the court.

**5. Disputed charges.** If you dispute a charge, you may file a motion in court to resolve the dispute, but only if you pay that charge before filing your motion.

If you claim that the other party has failed to reimburse you for a payment, or the other party has failed to make a payment to the provider after proper notice has been given, you may file a motion in court to resolve the dispute. The court will presume that if uninsured costs have been paid, those costs were reasonable. The court may award attorney fees and costs against a party who has been unreasonable.

**6. Court-ordered insurance coverage.** If a parent provides health-care insurance as ordered by the court, that insurance must be used at all times to the extent that it is available for health-care costs.

a. **Burden to prove.** The party claiming that the coverage is inadequate to meet the child's needs has the burden of proving that to the court.

b. **Cost of additional coverage.** If a parent purchases health-care insurance in addition to that ordered by the court, that parent must pay all the costs of the additional coverage. In addition, if a parent uses alternative coverage that costs more than the coverage provided by court order, that parent must pay the difference.

**7. Preferred health providers.** If the court-ordered coverage designates a preferred health-care provider, that provider must be used at all times consistent with the terms of the health insurance policy. When any party uses a health-care provider other than the preferred provider, any health-care costs that would have been paid by the preferred health provider if that provider had been used must be the sole responsibility of the party incurring those costs.

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
FL-192 [Rev. July 2003]

**NOTICE OF RIGHTS AND RESPONSIBILITIES**
Health-Care Costs and Reimbursement Procedures

Family Code, §§ 4062, 4063
www.courtinfo.ca.gov

ESSENTIAL FORMS™