**Entered on Docket**
**April 03, 2019**
**EDWARD J. EMMONS, CLERK**
**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**



The following constitutes the order of the Court.
Signed: April 3, 2019

_____

**Charles Novack**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>CYNTHIA CREWS,<br><br>Debtor. | Case No. 11-45982 CN<br>Chapter 13<br><br>**ORDER AFTER HEARING** |

On February 5, 2019, Cynthia Crews ("Debtor") filed a motion to reopen her Chapter 13 case together with a request that the court construes as a motion (the "Motion") for declaratory relief regarding the dischargeability of a prepetition debt (the "Debt") owed to her former spouse, Carl Crews ("Crews"). The dischargeability of the Debt hinges on whether it is a domestic support obligation under Bankruptcy Code § 101(14A). The court conducted a hearing on the Motion on March 29, 2019. Debtor appeared at the hearing *in pro per* and Crews appeared through counsel. In March 2012, this court approved a stipulation (the "Stipulation") between Debtor and Crews in which they agreed that they would litigate the nature of the Debt in Alameda County Superior Court. (See Docket #81). During the March 29th hearing, the parties informed this court that the Alameda County Superior Court had not addressed the nature of the Debt, and that they now believed that the bankruptcy court is the best venue to resolve this dispute. The parties presented this court with a minute order from the Alameda County Superior Court which indicated that the Superior Court also

1

**ORDER AFTER HEARING**

wishes this court to address (in some form) the dischargeability of the Debt.

This court believes that a request to determine the dischargeability of a debt must be brought by way of an adversary proceeding. *See* Fed. R. Bankr. P. 7001(6) and 7001(9). The Ninth Circuit Bankruptcy Appellate Panel has held that it is error to determine the scope of the discharge by motion rather than by adversary proceeding. *In re Lakhany,* 538 B.R. 555, 561 (Bankr. 9th Cir. 2015); *In re Boni,* 240 B.R. 381, 385 (Bankr. 9th Cir. 1999). While the court recognizes the parties' desire for a prompt resolution of their dispute, an adversary complaint is required under the Federal Rules of Bankruptcy Procedure and applicable caselaw. Good cause appearing, and for the reasons stated on the record,

**IT IS HEREBY ORDERED** that

1) The order approving the Stipulation is vacated to allow the parties to seek declaratory relief in this court.

2) Debtor's motion to reopen her Chapter 13 case is granted. Debtor's motion for declaratory relief is denied without prejudice. By **May 15, 2019,** Debtor shall commence an adversary proceeding by filing a complaint and thereafter serving the complaint along with a duly issued summons on Crews consistent with the Federal Rules of Bankruptcy Procedure**.** Failure to comply with the terms of this order may result in the Clerk of Court closing this case after May 15, 2019.

**\* \* \* END OF ORDER \* \* \***

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

ORDER AFTER HEARING

Case No. 11-45982

## COURT SERVICE LIST

Cynthia Crews
3440 Oak Knoll Blvd
Oakland, CA 94605

Cynthia Crews
21771 Tanglewood Dr.
Castro Valley, CA 94546

Other recipients are ECF participants.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

3

**ORDER AFTER HEARING**